IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEN ROTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1150-CFC-EGT |
| | ) | |
| CORRECTIONAL OFFICER FIELDS and | ) | |
| CORRECTIONAL OFFICER TEHUME, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ben Roten, an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 2).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5).  The original Complaint was screened by Chief Judge Connolly, who dismissed certain defendants and allowed claims against others to proceed. (D.I. 11).  Presently before the Court is the motion of Correctional Officers Fields and Tehume (together, "Defendants") to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.I. 21).  For the reasons set forth below, the Court recommends that the motion be GRANTED.

## I.    BACKGROUND

According to the Complaint, on some unspecified date, "JTVCC staff" moved another inmate (Reams) into Plaintiff's cell.  (D.I. 3 at 5).  Reams, however, had a "negative history" with Plaintiff and apparently alerted Defendants to that history and further added that he was "in fear for his life."  (*Id.*).  Defendants moved Reams into the neighboring cell and, several days later, Reams entered Plaintiff's cell and hit him in the head with a sock containing a padlock and then stabbed Plaintiff in the torso with a "homemade knife or shank."  (*Id.*).  Although the stab wound did not cause any serious internal damage, the wound eventually became infected and required antibiotics.

(*Id.* at 5-6). Plaintiff claims that Defendants failed to protect him from inmate violence in violation of the Eighth Amendment. (*Id.*). Plaintiff seeks $350,000 in punitive damages. (*Id.* at 8).

On March 24, 2025, Chief Judge Connolly screened Plaintiff's Complaint and issued a service order. (D.I. 11). Four months later, on July 31, 2025, Chief Judge Connolly issued a supplemental service order adding Correctional Officers Fields and Tehume as named defendants to the action (and terminating John Doe defendants). (D.I. 12). Defendants filed the present motion to dismiss on February 13, 2026 under Rule 12(b)(6), arguing that Plaintiff fails to plead that Defendants had any personal involvement in the events giving rise to this case. (D.I. 21).[1] On March 11, 2026, this matter was referred to the undersigned to hear and resolve all pretrial matters up through summary judgment. (D.I. 22). In response to the Court's order (D.I. 25), Plaintiff eventually responded to Defendants' motion to dismiss on April 24, 2026 (D.I. 26).[2]

## II.    LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of*

---

[1]    Defendants also request that the Court issue a screening order under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.I. 21 at 1). But Chief Judge Connolly already screened this case and, in any event, the same analysis (and potential relief) applies to Defendants' request under Rule 12(b)(6).

[2]    It is unclear whether Defendants actually served their motion to dismiss on Plaintiff. (*Compare* D.I. 30 (Plaintiff's log of received legal mail omitting motion), *with* D.I. 21, Ex. 2 (Defendants' certificate of service indicating that they "will send" notice of the motion to Plaintiff via mail)). A certificate of service must show that service was made – not how it is anticipated to be made. *See* FED. R. CIV. P. 5(d)(1)(B); *see also* D. DEL. LR 5.2(b); FED. R. CIV. P. 5(d) advisory committee's note to the 2018 amendment ("When service is not made by filing with the court's electronic-filing system, a certificate of service must be filed with the paper or within a reasonable time after service, and should specify the date as well as the manner of service."). Any service-related error is harmless in this instance, however, because the Court ordered Plaintiff to respond to the motion, thus providing him actual notice and an opportunity to respond. (*See* D.I. 25 & 26).

*Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008).  The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences.  *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

III.    **<u>DISCUSSION</u>**

Plaintiff asserts against Defendants a claim for failure to protect under the Eighth Amendment.  (D.I. 3 at 5).  "To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).  Defendants argue that dismissal is warranted here because Plaintiff never mentions or identifies either of them in connection with any of the events described in the Complaint.  (D.I. 21 at 2 & 5).  The Court disagrees but nevertheless recommends dismissal.

Plaintiff alleges that Reams told "JTVCC staff" that he and Plaintiff had "prior negative history" and that Reams was "in fear for his life." (D.I. 3 at 5). Defendants argue that this fails to allege Defendants' personal involvement in the events underlying the Complaint. (D.I. 21 at 2, 5). That may be true for that allegation, but in the next sentence in the Complaint, Plaintiff alleges that he "believe[s] the two C/Os that [Reams] told was C/O Feilds, and C/O Tehune"[3] and that "[t]hey moved inmate Reams to the cell right beside [Plaintiff's]." (D.I. 3 at 5). In the Court's view, Plaintiff alleges that Defendants were both (1) subjectively aware of the risk to Ream's safety and (2) involved in moving Reams. *See Bistrian*, 696 F.3d at 367.

Although Plaintiff does allege Defendants' personal involvement in the complained-of events, Plaintiff fails to adequately state a failure-to-protect claim. Plaintiff must allege that Defendants were aware of – and deliberately indifferent to – a substantial risk to *his* safety rather than Reams's. *See Bistrian*, 696 F.3d at 367 ("[T]he official was deliberately indifferent to that substantial risk to *his* health and safety . . . ." (emphasis added)); *see also Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (explaining that an official is not required to have knowledge of a threat to a specific inmate when an obvious risk of harm to all inmates is alleged). Even construing the Complaint liberally, Plaintiff only ever alleges that Defendants were aware of a risk to Reams's safety – particularly because Reams told Defendants that "he was in fear for his life" based on his "negative history" with Plaintiff. (D.I. 3 at 5). Plaintiff never alleges that Reams told Defendants that he (Reams) also posed a threat to Plaintiff's safety. Plaintiff has failed to plausibly allege that Defendants were aware of a substantial risk of serious harm to Plaintiff (rather than Reams). He

---

[3]    The Court understands "C/O Feilds" and "C/O Tehune" to be Defendants Fields and Tehume, respectively.

thus fails to adequately plead Defendants' deliberate indifference. *Bistrian*, 696 at 367. Because Plaintiff only asserts this failure-to-protect claim, the Complaint should be dismissed in its entirety.

That being said, if properly pled, knowledge of past violent tendencies and threats between Plaintiff and Reams might be enough to state a failure-to-protect claim.[4] *See Bistrian*, 696 F.3d at 368-69. Therefore, amendment is not clearly futile, and Plaintiff should be provided an opportunity to amend his claim against Defendants. *See, e.g.*, *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000) ("[D]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court thus recommends that the Complaint be dismissed with leave to amend.

## IV.     CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' motion to dismiss (D.I. 21) be GRANTED. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

---

[4]     Plaintiff alleges that Defendants only moved Reams to the cell next door, which could be an unreasonable response and evidence deliberate indifference in certain circumstances. *See Bistrian*, 696 F.3d at 369-70; *Farmer*, 511 U.S. at 844-45.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  June 2, 2026

_____
UNITED STATES MAGISTRATE JUDGE