IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEN ROTEN,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER FIELDS and CORRECTIONAL OFFICER TEHUME,<br><br>Defendants. | ) | C.A. No. 24-1150-CFC-EGT |

**REPORT AND RECOMMENDATION**

Plaintiff Ben Roten, an inmate at James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Presently before the Court is Plaintiff's motion for summary judgment (D.I. 23) and Plaintiff's motion to "compel the DOC to . . . keep C/O Fields away from" Plaintiff (D.I. 28). For the reasons set forth below, the Court recommends that the motions be DENIED.

## I. BACKGROUND

The Court set forth a detailed factual background in a recent opinion. (*See* D.I. 32 (R&R); *see also* D.I. 34 (R&R adopted)). The Court will not revisit those facts and instead will only discuss facts relevant to the present motions.

On February 13, 2026, Defendants Fields and Tehume filed a motion to dismiss the Complaint. (D.I. 21). On March 20, 2026, while briefing on Defendants' motion to dismiss was underway, Plaintiff filed a motion for summary judgment on the basis that Defendants did not answer the Complaint by February 17, 2026. (D.I. 23; *see also* D.I. 21 & 26 (motion to dismiss)). A month after filing this motion for summary judgment, on April 24, 2026, Plaintiff filed a motion for injunctive relief styled as a motion to compel. (D.I. 28). In that motion, Plaintiff seeks an

order requiring the Delaware Department of Corrections to keep Defendant Fields away from Plaintiff. (*Id.* at 1). Defendants have responded to both motions. (D.I. 24 (response to motion for summary judgment); *see also* D.I. 29 & 30 (response to motion for injunctive relief against Defendant Fields)).

## II. DISCUSSION

As to Plaintiff's motion for summary judgment, the sole basis for the request is apparently that Defendants did not file an answer by the February 17, 2026 deadline to do so. (D.I. 23; *see also* D.I. 19 (setting answer deadline))). But Defendants filed a motion to dismiss on February 13, 2026 – four days before the deadline. And a motion to dismiss a complaint tolls the time for the defendant to file an answer. *See* FED R. CIV. P. 12(a)(4). There is thus no basis to award summary judgment here.[1] Plaintiff's motion for summary judgment should be denied.

As to the request for preliminary injunctive relief (D.I. 28), Plaintiff argues that Defendant Fields conducted a retaliatory shakedown of Plaintiff's cell and "had another C/O . . . break [Plaintiff's] T.V." (D.I. 28 ¶ 2). Plaintiff seeks an order from the Court enjoining Defendant Fields from going near Plaintiff or retaliating against him in any way. (*Id.* ¶ 1).[2] Yet a preliminary injunction cannot issue unless a plaintiff demonstrates a likelihood of success on the merits and that irreparable harm will occur in the absence of an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has shown neither. Additionally, the requested injunctive relief is untethered from the claims in any operative complaint. *See Fatir v. Connections Cmty. Support Programs, Inc.*, C.A. No. 18-1549-CFC, 2020 WL 360895, at *1-2 (D. Del. Jan. 22, 2020)

---

1 In any event, a failure to answer or otherwise appear is addressed by the default judgment procedure set forth in Federal Rule of Civil Procedure 55. Not summary judgment.

2 Defendant treats this as a motion to compel (D.I. 29 ¶ 3), but the nature of the requested relief clearly demonstrates that Plaintiff's request has nothing to do with discovery.

(a plaintiff can only seek to preliminarily enjoin conduct that is mentioned in the operative complaint). Plaintiff's request for injunctive relief as to Defendant Fields should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's motion for summary judgment (D.I. 23) and Plaintiff's motion for injunctive relief styled as a motion to compel (D.I. 28) be DENIED.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to three (3) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: August 17, 2026

UNITED STATES MAGISTRATE JUDGE